1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL A. GONZALEZ-CHAVEZ, | ) | Case No.:1: 12-CV-02053 JLT |
| Plaintiff, | ) ) | ORDER AFTER INFORMAL TELEPHONIC |
| v. | ) ) | CONFERENCE RE: DISCOVERY DISPUTE |
| CITY OF BAKERSFIELD, et al., | ) | (Doc. 27) |
| Defendants. | ) ) | |

On May 14, 2014, the Court held an informal telephonic conference at counsels' request to address an ongoing discovery dispute. (Doc. 27) At this conference some issues were resolved as follows:

    1.    The Court will conduct an in camera review of all records of discipline of Officer Messick related to the use of excessive force. The Court **ORDERS** counsel for Defendants to provide the Court the records or to set up a time with the Court for a representative of the City of Bakersfield to produce the documents to the Court directly. The records SHALL be produced no later than May 30, 2014, regardless of the method;

    2.    Counsel for Defendants is **ORDERED** to provide a certification to Plaintiff's counsel authenticating the records produced already related to the training of the involved officers. The certification SHALL also admit the date each of the officers completed his/her POST certified basic training. If after receiving this certification, Plaintiff's counsel feels that additional deposition of the

1

1  person most knowledgeable is warranted, she SHALL meet and confer with opposing counsel and, if
2  no agreement can be reached, to seek a further informal conference with counsel and the Court;

3      3.    Plaintiff decided to withdraw the request that the person most knowledgeable produce
4  records related to any download or upload of the data from the taser Officer Barthelmes' allegedly
5  used during the incident at issue. This does not preclude Defendants from providing information
6  explaining the apparent inconsistency between the testimony of the person most knowledgeable that
7  data from the taser does not exist and Officer Barthelmes' deposition testimony stating, seemingly,
8  that he personally uploaded the data into "training" from his taser;

9      4.    There was no compromise reached as to the production of use of force documents by
10 or about Officers Messick and Barthlemes. Therefore, Plaintiff's counsel may file a motion to
11 compel discovery which complies with Local Rule 251(c) and the scheduling order.

13 IT IS SO ORDERED.

14     Dated: **May 14, 2014**          **/s/ Jennifer L. Thurston**
15                                                 UNITED STATES MAGISTRATE JUDGE