**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MIGUEL A. GONZALEZ-CHAVEZ, | ) | 1: 12-CV-02053-AWI - JLT |
| Plaintiff, | ) ) | ORDER AFTER IN CAMERA REVIEW |
| v. | ) ) | |
| CITY OF BAKERSFIELD, et al., | ) ) | |
| Defendants. | ) | |

I. **Background**

The complaint alleges that on December 4, 2011, at 3:15 a.m., Bakersfield Police Officers, Messick and Barthelemes confronted Plaintiff who was sitting in a friend's car in a WalMart parking lot. (Doc. 1 at 4) The complaint alleges the officers forcibly removed Plaintiff from the vehicle, "hit him with weapons and/or punches about his arms, legs, face and body, and [they] tase[d] him without cause, provocation or justification." Id. at 4-5. Plaintiff claims he suffered injuries including a fractured knee. Id. at 5. Based upon these allegations, Plaintiff brings claims under 42 U.S.C. § 1983 against the officers for the use of excessive force and for *Monell* liability against the entity.

During an informal telephonic conference re: discovery dispute held on May 14, 2014, the Court was informed about a brewing discovery dispute related, in part, to the refusal of the Defendants to produce documents related to discipline suffered by ▮▮▮▮ for the use of excessive

force.  (Doc. 28)   Counsel agreed that the Court would conduct an in camera review of any such documents and then decide whether production of the documents would be ordered.  The specific document request made to Defendants' Fed. R. Civ. P. 30(b)(6) witness reads,

> Discipline received by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for BPD use of force policy violation while employed by BPD.

Defendants objected to this category as follows:

> Objection. This area of inquiry is vague, ambiguous, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this category seeks information protected from disclosure pursuant to the law enforcement privilege, official information privilege, and executive privilege. In addition, this request further seeks to invade privacy rights of responding party and third parties. Further objection is made on the grounds that this request seeks to invade the officers' right to privacy as guaranteed by Article I, Section I of the California Constitution and the First and Fourth Amendments of the United States Constitution, and also California Code of Civil Procedure sections 823.7 and 832.8( e), and Government Code sections 6254 (c)and(t).
> Therefore, no person most knowledgeable will be produced.[1]

On May 19, 2014, the Court conducted the in camera review.  The record now at issue ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## II.     Discovery of the discipline record

First, Plaintiff may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The scope of discovery is quite broad and relevant evidence includes any evidence which "bears on, or that

---

[1] Because the parties agreed the Court would conduct the review and order production of those documents that are relevant and substantially similar to the alleged facts, the Court makes no comment as to whether the objections would have been well-taken had the agreement not been reached at the telephonic conference.

1  reasonably could lead to other matters that could bear on, any issue that is or may be in the case."
2  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).   Indeed, courts have rejected that
3  internal investigations into police conduct should be automatically shielded.  Kelly v. City of San
4  Jose, 114 F.R.D. 653, 663-668 (N.D. Cal. 1987); Soto v. City of Concord, 162 F.R.D. 603, 612-613;
5  King v. Conde, 121 F.R.D. 180, 195-196 (E.D.N.Y.1988).

6       Second, the Court concludes that the records sought may be relevant for many reasons
7  (Mediate v. City of San Diego, 2014 WL 1669977 at *3 (S.D. Cal. Apr. 28, 2014); Fed. R. Evid.
8  404(b)(2)) and may also lead to admissible evidence. In so finding, the Court is aware that ███
9  ████████████████████████████████████████████████████████████████
10  ██████  Though this fact could impact the admissibility of the evidence, this conclusion does not
11  necessarily follow.

12       Third, though the facts alleged in the complaint ████████████████████
13  ████████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████

18       Finally, the Court must weigh the need for maintaining the confidentiality of the record
19  against the need of the Plaintiff to conduct full discovery.[2]  In doing so, the Court is mindful that
20  there is no other avenue for Plaintiff to discover this information and that it could be significant to
21  his case.  Likewise, the Court does not find that disclosure here would have any measureable impact
22  on future investigations (Bernat v. City of California City, 2010 WL 4008361 at *3 (E.D. Cal. Oct.
23  12, 2010)) and, to the contrary, would heighten confidence in the investigatory process. Kelly, 114
24  F.R.D. at 667.  Finally, courts have found that the privacy interests police officers have in their
25  personnel files do not necessarily outweigh a civil rights plaintiff need for the documents. Martinez

---

[2] Notably, California Penal Code section 832.7 and California Evidence Code sections 1043 and 1045 do not envision that peace officer records will not be disclosed in discovery.  To the contrary, these sections simply set forth the procedures by which the records may be disclosed.

v. City of Stockton, 132 F.R.D. 677, 683 (E.D.Cal.1990); Hampton v. City of San Diego, 147 F.R.D. 227, 230 (S.D.Cal.1993).

    Considering these factors leads the Court to conclude that disclosure should occur. Kelly, 114 F.R.D. at 661. ("In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'")  However, the Court will not disregard the privacy interests of all involved.  Thus, the Court will require the report to be redacted to delete the personal identifiers of the subject and any witnesses to the event.  Moreover, the parties are required to keep the document confidential and it may be used in this litigation only.  The document may be viewed only by counsel, their experts and ████████████ and counsel are required to seek a sealing order pursuant to Local Rule 141 in the event that any party wishes it to be filed.  Moreover, at the conclusion of this litigation, Plaintiff's counsel is required to return all copies of the document or to certify to Defendants' counsel that all copies have been destroyed.

**ORDER**

    Based upon the foregoing, the Court **ORDERS**:

    1.    The document at issue here and which was a subject of the in camera review, SHALL be produced to Plaintiff's counsel within five court days, in the redacted form set forth above;

    2.    All counsel SHALL keep the document confidential and may share it only with their pertinent experts and ████████████;

    3.    The document may be used only in this litigation and any subsequent appeal;

    4.    In the event that either side desires the record to be filed, that party SHALL seek a sealing order pursuant to Local Rule 141 and this motion must be denied before it may be filed on the public docket;

///
///
///
///
///
///

1      5.    At the conclusion of this litigation, including any subsequent appeals, Plaintiff's counsel SHALL return all copies of the report or SHALL certify to counsel for Defendants that the copies have been destroyed.

IT IS SO ORDERED.

    Dated: **May 20, 2014**           **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE