UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. GONZALEZ-CHAVEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>  Defendants. | Case No.: 1:12-cv-02053 - JLT<br><br>PRETRIAL ORDER<br><br>Deadlines:<br><br>Motions in Limine Filing: 1/7/15<br>Oppositions to Motions in Limine: 1/16/15<br>Hearing on Motions in Limine: 1/30/15, 9:30 a.m.<br><br>Trial Submissions: 1/30/15<br><br>Jury trial: 2/9/2015, 4-5 days |

Plaintiff Miguel Gonzalez-Chavez alleges Bakersfield Police Officers Christopher Messick and Dean Barthelmes are liable "for the use of excessive force and/or unlawful search and seizure" in violation of the Fourth Amendment. (Doc. 1 at 6.) Upon consideration of the Joint Pre-Trial Conference Statement filed on December 3, 2014 (Doc. 38); the parties' comments at the hearing on December 10, 2014; and the file in this case, the Court issues the following Pre-Trial Order.

**A.   JURISDICTION/ VENUE**

The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 (Doc. 1 at 2; Doc. 38 at 2.) Further, Plaintiff's claims arise out of events that occurred in Bakersfield, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. *See* 28 U.S.C. § 1391.

1

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in his Complaint. (Doc. 1 at 1; Doc. 38 at 2). Thus, trial will be by jury.

**C.     UNDISPUTED FACTS**

1. The incident upon which the action is premised occurred on or about December 4, 2011.
2. Defendants Messick and Barthelmes were at all times duly appointed and acting officers of the Bakersfield Police Department and acting under the color of law.

**D.     DISPUTED FACTS**

All other facts are disputed.

**E.     DISPUTED EVIDENTIARY ISSUES**

None identified at this time.

**F.     SPECIAL FACTUAL INFORMATION**

None.

**G.     RELIEF SOUGHT**

Plaintiff seeks general damages, special damages, punitive damages, prejudgment interest, post-judgment interest pursuant to 28 U.S.C. §1961(a), attorney's fees and costs, and "further relief as the Court deems just and proper." (Doc. 38 at 5.) Defendants seek dismissal of the action and an award of attorneys' fees and costs under 42 U.S.C. §§ 1988 and 1927 and Local Rules 292 and 293. (*Id.* at 6.)

**H.     POINTS OF LAW**

  **1.     Violations of the Fourth Amendment**

The Fourth Amendment prohibits the use of excessive force and arrests without probable cause or other justification. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' ... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are

"objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citations omitted).

In applying this standard, the fact-finder considers "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Thus, factors to be considered in evaluating whether the force used was reasonable include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). Further, the fact finder may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

### 2. Punitive damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986); *see also Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994).

**I.   ABANDONED ISSUES**

Plaintiff has abandoned his *Monell* claim, and the City of Bakersfield has been dismissed as a defendant from this action. (Docs. 33-34.)

**J.   WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R.

Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiff anticipates calling the following witnesses:**

1. Martha Balandran
2. Hilarie Owens
3. Juanita Nations
4. Candace Munoz
5. Teri Harless
6. Thomas Degenhardt, MD
7. Andrea Snow
8. Laura E. Parker
9. Evan Tobin
10. Paul Mroz
11. Armondo Larzaro
12. Gabriel Trujillo
13. Roger Clark
14. Charles Sherman
15. Christina Hackleman
16. Justin Bytrus
17. Miguel Gonzalez-Chavez
18. Miguel Murrillo
19. Oscar Castillo
20. Helmuth Achtman
21. Jeff Burdick
22. Christopher Peck
23. Christopher Messick
24. Dean Barthelmes

**Defendants anticipate calling the following witnesses:**

1. Acuna, Johnny

4

| | | |
|---|---|---|
| 2. | Ahdalgo, Felipe Jr. | |
| 3. | Alonso, Linda | |
| 4. | Achtman, Helmuth | |
| 5. | Barthelmes, Dean | |
| 7. | Burdick, Jeffrey | |
| 8. | Byrtus, Justin | |
| 10. | Castellon, Sandra Maria | |
| 11. | Castillo, Oscar | |
| 12. | Chavira, Eduardo Landeros | |
| 13. | Cope, Curtis J. | |
| 14. | Degenhardt, Thomas M.D. | |
| 15. | Dossey, Richard | |
| 16. | Doyle, Brandon | |
| 17. | Gonzalez-Chavez, Miguel | |
| 18. | Hackleman, Christina | |
| 19. | Hashemi, Saeed | |
| 20. | Huene, Donald M.D. | |
| 21. | Jacquez, Christopher | |
| 22. | Lazaro, Armando | |
| 23. | Juana A. Magana/Records Custodian Star Staffing | |
| 24. | McIrvin, Timothy | |
| 25. | McNinch, Travis | |
| 26. | Messick, Christopher | |
| 27. | Moreno, Esmeralda | |
| 28. | Mroz, Paul M.D. | |
| 29. | Murillo Lua, Miguel | |
| 30. | Parker, Laura M.D. | |
| 31. | Peck, Christopher | |

5

|    |     |                       |
|----|-----|-----------------------|
| 1  | 32. | Rubin, Christina      |
| 2  | 33. | Sherman, Charles      |
| 3  | 34. | Smith, Jamie R.N      |
| 4  | 35. | Snow, Andrea M.D.     |
| 5  | 36. | Soto, Kimberly        |
| 6  | 37. | Tobin, Evan M.D.      |
| 7  | 38. | Trujillo, Gabriel     |
| 8  | 39. | Vesslin, Vassilev M.D. |

**K.  EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiff's Exhibits**

1. Photographs of Plaintiff
2. Exhibits attached to deposition of Curtis Cope
3. Exhibits attached to deposition of Dean Barthelmes
4. Exhibits attached to deposition of Christopher Messick
5. Exhibits attached to deposition of Jeff Burdick
6. Exhibits attached to deposition of Charles Sherman
7. Exhibits attached to deposition of Helmuth Achtman
8. Exhibits attached to deposition of Christopher Peck
9. Exhibits attached to deposition of Thomas Degenhardt
10. Medical records from Kern Medical Center
11. Medical records from orthopedic surgeon Thomas Degenhardt
12. Recorded statement of Plaintiff
13. Bakersfield Police Department Policy Manual
14. Defendants' training records

| | | |
|---|---|---|
| 1 | 15. | Walmart surveillance video |
| 2 | 16. | Recorded statement of Miguel Murillo |
| 3 | 17. | Photos of Walmart Parking lot |
| 4 | 18. | Deposition transcripts |
| 5 | 19. | Discipline records |

**Defendants' Exhibits**

1. Photographs of the plaintiff;
2. Photographs of the incident scene;
3. Photographs of items at the scene including but not limited to the subject vehicle and open containers in the subject vehicle;
4. Photographs of vehicle damaged in "fight";
3. Interview of Miguel Murillo Lua;
4. Surveillance video from Walmart;
5. Excerpts from Kern County Medical Center records;
6. Excerpts from Santa Rosa Orthopedics Medical Group records;
7. Excerpts from Santa Rosa Family Health records;
8. Excerpts from Hall Ambulance records;
9. Excerpts from Star Staffing records;
10. Excerpts from Santa Rosa Community Health Center records;
11. 911calls/Radio Transmissions;
12. Aerial maps of area;
13. Exhibit A to deposition of Christina Hackleman;
14. Exhibit B to deposition of Christina Hackleman;
15. Exhibit 1-4 to Deposition of Oscar Castillo;
16. Exhibit 1-6, 7-9 to Deposition of Miguel Murillo;
17. Bakersfield Police Department Policies;
18. Excerpts of the file of Jeff Cope; and
19. Excerpts of the file of Donald Huene, M.D.

On or before **January 16, 2015**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into evidence without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be

indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

  4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

  5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

  6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

  After the exhibit conference, each counsel **SHALL** develop four complete, legible sets of exhibits.  Counsel **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to opposing counsel, no later than 4:00 p.m., on **January 30, 2015**.  Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

  7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.** **DISCOVERY DOCUMENTS**

  The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).  If counsel anticipates that he/she may wish to publish any particular discovery request/response to the jury, counsel should be prepared with redacted copies[1] of discovery

---

[1] Counsel should have at least two extra copies of the redacted version for review by the Court and opposing counsel before publication is allowed.

request/response so that only the discovery request/response (with objections redacted) at issue will be published to the jury.  No unredacted discovery requests/responses will be shown to the jury.

**Plaintiff anticipates offering the following discovery documents at trial**:

1. Defendants' response to Request to Produce 1.
2. Defendants' response to Request to Produce 2.
3. Defendants' Objections to Second Amended Notice of Videotaped Deposition of Person Most Qualified.
4. Defendants' Amended Objections to Second Amended Notice of Videotaped Deposition of Person Most Qualified.
5. Stipulation and Order for Physical Examination of Plaintiff Miguel Gonzalez-Chavez.

**Defendant anticipates offering the following discovery documents at trial**:

1. Plaintiff's Responses to Special Interrogatories, Set One, propounded by Barthelmes.
2. Plaintiff's Responses to Special Interrogatories, Set One, propounded by Messick.
3. Plaintiff's Responses to Special Interrogatories, Set One, propounded by the City of Bakersfield.
4. Plaintiff's Amended Responses to Special Interrogatories, Set One, propounded by Barthelmes.
5. Plaintiff's Amended Responses to Special Interrogatories, Set One, propounded by Messick.
6. Plaintiff's Amended Responses to Special Interrogatories, Set One, propounded by the City of Bakersfield.
7. Plaintiff's Responses to Request for Production of Documents, Set One, propounded by City of Bakersfield, Christopher Messick and Dean Barthelmes.
8. Plaintiff's Amended Responses to Request for Production of Documents, Set One, propounded by City of Bakersfield, Christopher Messick and Dean Barthelmes.

If either party wishes to rely upon discovery documents or deposition transcripts at trial, they SHALL lodge the original discovery requests and responses and/or the original or certified copy of the pertinent transcripts, no later than **January 30, 2015**.  If the proffering party wishes the jury to view

the discovery document, only the request and response at issue may be visible on the page(s) and all extraneous material must be redacted or the request and the response re-typed on a clean page.

**M.     MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

All motions in limine must be served on the other party, and filed with the Court, by **January 7, 2015**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **January 16, 2015**. The Court sets a hearing on the motions in limine on **January 30, 2015** at 9:30 a.m. Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**N.     STIPULATIONS**

None at this time.

**O.     AMENDMENTS/ DISMISSALS**

The parties do not identify any further or amendments or dismissals at this time.

**P.     SETTLEMENT NEGOTIATIONS**

The parties participated in a Settlement Conference on November 20, 2014. (Doc. 38 at 14.) The action was not settled, and it appears the parties' positions remain unchanged.

**Q.   AGREED STATEMENT**

None at this time.

**R.   SEPARATE TRIAL OF ISSUES**

None

**S.   ISSUES RELATED TO EXPERTS**

None.

**T.   ATTORNEYS' FEES**

Plaintiff seeks attorneys' fees and costs, pre- and post-judgment interest and "any further relief as the Court sees just and fit." (Doc. 38 at 14.) Defendants seek attorneys' fees under 42 U.S.C. §§ 1988 and 1927.

**U.   TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **February 9, 2015**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last no longer than 3-7 days.

V.   **TRIAL PREPARATION AND SUBMISSIONS**

**1.   Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **January 30, 2015.**

**2.   Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 30, 2015.**

**3.   Statement of the Case**

The parties SHALL file a joint non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 30, 2015**.

**4.   Jury Instructions**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **January 7, 2015**.  The

parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **January 16, 2015**.  At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **January 30, 2015**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

   **If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **January 30, 2015**, and identify such as the disputed jury instructions and verdict forms. **Along with their disputed instructions, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.   Failure to provide the certification may result in the Court refusing to consider the disputed instruction or verdict form.** At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

   In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

**W.** **OBJECTIONS TO PRETRIAL ORDER**

   Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**X.** **MISCELLANEOUS MATTERS**

   None.

///

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:    **December 10, 2014**               /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE