# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MIGUEL A. GONZALEZ-CHAVEZ,  )   Case No.: 1:12-cv-02053 JLT
)
          Plaintiff,  )   ORDER DENYING MOTION FOR NEW TRIAL
)
      v.  )   (Docs. 86, 91)
)
CITY OF BAKERSFIELD, et al.,  )
)
          Defendants.  )

## I.      Background

The parties tried the matter to a jury after which it deliberated for a day-and-a-half.  In the end, the jury returned a verdict in favor of Defendant Barthelmes and against Defendant Messick.  In doing so, the jury found Messick used excessive force and awarded compensatory damages for past pain and suffering in the amount of $100. (Doc. 81 at 1, 2)  Now before the Court is Plaintiff's motion for new trial in which he claims the verdict constituted a "compromise verdict," the verdict was against the clear weight of the evidence, the verdict was inconsistent and that the jury awarded inadequate damages.  Because Plaintiff has failed to demonstrate a new trial should be granted, the motion is **DENIED**.

## II.      Rule 59

Federal Rule of Civil Procedure 59 provides in pertinent part: "The court may, on motion, grant a new trial on all of some of the issues–and to any party–as follows: [¶] (A) after a jury trial,

for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "'Rule 59 does not specify the grounds on which a motion for new trial may be granted.' Rather, the court is 'bound by those grounds that have been historically recognized.'"

Historically, recognized grounds for a Rule 59 motion include claims "'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.' We have held that '[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007) (internal citations omitted).  (9th Cir. 2010) (citing <u>Philippine Nat. Oil Co. v. Garrett Corp.</u>, 724 F.3d 803, 805 (9th Cir. 1984)).

While the trial court may weigh the evidence and credibility of the witnesses, the Court is not justified in granting a new trial "merely because it might have come to a different result from that reached by the jury." <u>Wilhelm v. Associated Container Transportation (Australia) Ltd.</u>, 648 F.2d 1197, 1198 (9th Cir.1981). Likewise, "'it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.' <u>Boeing Company v. Shipman</u>, 411 F.2d 365, 375 (5th Cir.1969) (en banc)." <u>Roy v. Volkswagen of Am., Inc.</u>, 896 F.2d 1174, 1179 (9th Cir.) opinion amended on denial of reh'g, 920 F.2d 618 (9th Cir. 1990).

A Rule 59 motion is "confided to the discretion of the trial court, whose decision will be overturned . . . only for abuse of discretion." <u>Kode v. Carlson</u>, 596 F.3d 608, 611 (9th Cir. 2010). Thus, if the jury's verdict is not clearly against the weight of the evidence, the trial court abuses its discretion in ordering a new trial. <u>Roy</u> at 1176 (9th Cir.)  Stated differently, the Court,

> must uphold a jury verdict if it is supported by substantial evidence. <u>Pavao v. Pagay</u>, 307 F.3d 915, 918 (9th Cir.2002). Substantial evidence is evidence "adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." <u>Id</u>. Specifically, we must uphold a jury's damages award unless the amount is "clearly not supported by the evidence, or only based on speculation or guesswork." <u>L.A. Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 791 F.2d 1356, 1360 (9th Cir.1986) (internal quotation marks omitted). "The credibility of witnesses and the weight of the evidence are issues for the jury that are generally not subject to appellate review." <u>Murray v. Laborers Union Local No. 324</u>, 55 F.3d 1445, 1452 (9th Cir.1995).

<u>Guy v. City of San Diego</u>, 608 F.3d 582, 585-86 (9th Cir. 2010).  Where the jury's verdict can be reconciled "on any reasonable theory consistent with the evidence," the Court is duty-bound to uphold it. <u>Id.</u> at 586.  Though Plaintiff argues the standard is otherwise, the Court disagrees.

Plaintiff argues the Court's duty is to order a new trial "if it is deemed in the interest of justice to do so," and cites <u>Moist Cold refrigerator Co. v. Lou Johnson Co.</u>, 249 F.2d 247, 251 (9th Cir. 1957).  (Doc. 89 at 2)  However, <u>Moist Cold</u> holds that the new trial should be granted where the moving party's evidence so preponderated that ordering the new trial was needed to prevent a miscarriage of justice. <u>Id.</u> (A "[v]erdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice.")  Likewise, <u>Lama v. Borras</u>, 16 F.3d 473, 477 (1st Cir. 1994), held that, though the court *may* grant a new trial even where there is substantial evidence to support the verdict, it is not required to do so.  Thus, even if <u>Lama</u> controls—and, given the fact that it is out-of-Circuit authority, it does not—the only circumstance where the Court *must* order a new trial is when the verdict is clearly against the weight of the evidence and, if it stands, there will be a miscarriage of justice.

## III.   Compromise verdict

A compromise verdict "'is one reached when the jury, unable to agree on liability, compromises that disagreement and enters a low award of damages.' " <u>Romberg v. Nichols</u>, 970 F.2d 512, 521 (9th Cir. 1992) (quoting <u>Nat'l R.R. Passenger Corp. v. Koch Indus.</u>, 701 F.2d 108, 110 (10th Cir. 1983)) (emphasis added), vacated on other grounds, <u>Nichols v. Romberg</u>, 506 U.S. 1075, 113 S.Ct. 1038, 122 L.Ed.2d 348 (1993).  To determine whether the jury compromised the verdict, the court may consider the "totality of circumstances," and "any indicia of compromise apparent from the record and any other factors that may have caused a verdict for damages that would be inadequate if the jury actually found liability." <u>Yarbrough v. Sturm, Ruger & Co.</u>, 964 F.2d 376, 379 (5th Cir.1992). Indicia of compromise may include "a close question of liability, a damages award that is grossly inadequate, and other circumstances such as length of jury deliberation." <u>Nat'l R.R. Passenger</u>, at 110.

In this case, the jury deliberated for several hours before requesting playback of testimony of

Plaintiff and both Defendants.  (Doc. 78)  The jury resumed deliberating and within a short time, indicated they were deadlocked.  Id.  The Court gave the "deadlocked" instruction and the jury resumed deliberating for about four hours before returning the verdict.[1] Id.  Notably, the unanimous verdict did not impose liability on Barthelmes but *did* impose liability on Messick and awarded Plaintiff $100 for past pain and suffering.  (Doc. 81)

Plaintiff speculates that the jury felt pressured to come to a verdict given it was returned late in the day before a three-day weekend and because the $100 award failed to compensate him for the full extent of his injuries.  However, to come to this conclusion, Plaintiff seems to assert that the claimed excessive force was one continuous and uninterrupted act such that the finding of liability necessarily means that all acts of force by Messick were unlawful and/or Messick wrongfully caused all injuries Plaintiff sustained.

However, this case is somewhat similar to Guy v. City of San Diego, 608 F.3d 582, 585 (9th Cir. 2010), in which a number of officers were sued for excessive force.  In Guy, officers were posted in an area of the town where there were many bars, to monitor the crowd at closing time.  Id. at 583-584.  Guy, who had consumed numerous alcoholic beverages, entered the crowd and when he saw a fight begin, he joined in and punched at least one person.  Id. at 584.  When Officer Maley grabbed Guy from behind, Guy swung at him claiming he was unaware that Maley was a cop. Id. Maley disputed this and claimed that he yelled, "Police" as he approached the plaintiff.  Id.  In any event, a scuffle ensued between Guy and Maley during which Maley was able to place Guy in handcuffs.  Id.  However, Maley claimed that Guy continued to fight and, as a result, Maley continued to use force on him and sprayed him directly in the face with pepper spray.  Id.  Guy denied he resisted in any way after he realized Maley was a police officer, which was moments after Maley approached him.  Id.  Ultimately, Maley forced Guy onto the ground and the other officers arrived.  Id.  Guy claimed the officers kicked and hit him while he lay on the ground in handcuffs. Id.  The officers asserted they used their feet to pin Guy to the ground until Maley was able to control him.  Id.

At trial, Guy testified about the incident and claimed he suffered injuries due to Maley's and

---

[1] Plaintiff agreed that the "deadlocked" instruction should be given.

the other officers' acts including suffering excruciating pain from the pepper spray, an injury to his thumb, pain from the skin being torn from his shoulder and face and from suffering welts on his wrists. Guy, 608 F.3d at 584. After hearing the testimony of the officers, the jury found only Officer Maley liable and did not award damages. Id. The court returned the jury to deliberate and required them to award nominal damages and to consider whether punitive damages should be awarded. Id. The jury then awarded $1 and no punitive damages. Id.

On appeal from the order denying a new trial, the Ninth Circuit found no error. The court held,

> Here, we know that the jury discredited at least some of Guy's testimony because it determined that Garcia and Friedman did not use excessive force even though Guy testified that they repeatedly beat him when he offered no resistance. The jury likely concluded that Guy resisted arrest during at least part of the incident, and it may also have determined that Guy's injuries resulted from his own thrashing and kicking on the ground or from the officers' justified responses to Guy's conduct. Furthermore, even if it was excessive force for Maley to throw Guy to the ground, the jury could have discredited Guy's testimony that he was injured by this particular use of force. In trying to reconcile the different segments of the jury's verdict, we cannot properly ignore the possibility that the jury concluded Maley acted excessively in some particular action, and not in others, and that the injury done to Guy by Maley was from Maley's actions not amounting to use of excessive force.
>
> Because the jury discredited at least part of Guy's testimony, and because the jury's nominal damage award can be reconciled with its excessive force and injury verdict on a "reasonable theory consistent with the evidence," Pierce, 823 F.2d at 1370, we must accept this interpretation. See Atl. & Gulf Stevedores, 369 U.S. at 364, 82 S.Ct. 780. Guy has not shown that the jury's verdict was clearly not supported by the evidence or only based on speculation or guesswork. See L.A. Mem'l Coliseum Comm'n, 791 F.2d at 1360. Because a reasonable reconciliation of the jury's decisions is feasible, we conclude that substantial evidence supported the jury's verdict and that the district court did not abuse its discretion in denying a new trial on damages.

Guy at 588. Thus, the Court confirmed that even in an incident with an uninterrupted series of acts of force, some of the acts of force by the officer may be unlawful and some may be lawful depending upon the circumstances.

Notably, here, the jury must have believed some of the testimony of Plaintiff and Messick and disbelieved other testimony. For example, Plaintiff testified he was ordered to exit the car, and despite saying words to the effect of, "this is not necessary," Plaintiff *was* willing to leave the car but was unfamiliar with operation of the door handle. He testified that this confusion delayed his compliance with the order to leave the car. Plaintiff testified that due to this delay, Messick became

angry and as soon as the car door opened, Messick punched Plaintiff in the face.

Defendants testified that when Plaintiff exited the vehicle and moved away from them, he took a "fighter's stance." Both officers moved in and used force, they explained, because Plaintiff resisted orders requiring him to "get down." Likewise, both testified they were concerned that it appeared from Plaintiff's stance that he was intending to fight. There was no dispute that after this, Barthelmes tased Plaintiff and Messick struck him with a baton and that Plaintiff suffered injuries including a fractured kneecap in the scuffle

Thus, it appears the jury determined that Messick's initial punch to Plaintiff's face was unreasonable but the force used by Messick and Barthelmes after Plaintiff exited the car, was not. This accounts for the liability finding against Messick but not Barthelmes. Also, in this factual context, the $100 award is a reasonable amount for the claimed injury and is consistent with Plaintiff' minimal evidence related to the pain and suffering resulting from the blow to the face. Thus, the Court does not find that the $100 award was grossly inadequate.

Finally, the eight hours of deliberation—when the time for play back is eliminated— completed by the jury is not an overly short period, given the presentation of evidence lasted only about two-and-a-half days. Likewise, about 60 percent of this deliberation time occurred before the Court gave the jury the "deadlocked" instruction, while 40 percent occurred thereafter. This seems to indicate that the jury members fully re-engaged in their deliberative efforts in good faith. It does not show the jury abdicated its duty to deliberate or felt compelled to come to a verdict[2] despite rationale disagreement. Notably, in giving the "Duty to Deliberate" instruction, the Court cautioned the jury, "It is important that you attempt to reach a unanimous verdict, but of course, only if each of you can do so after having made your own conscientious decision. **Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict**." Model Civ. Juty Instr. 9th Cir. 3.1 (2007), emphasis added. In addition, in giving the "deadlocked jury" instruction, the Court admonished the jury, "During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, **you should not**

---

[2] See United States v. Beattie, 613 F.2d 762, 766 (9th Cir. 1980) [Three-and-a-half hours of deliberation after the Allen charge was not found "so disproportionate to the task before the jury as to raise an inference that the Allen charge coercively produced the result."]

1  **change an honest belief as to the weight or effect of the evidence solely because of the opinions**

2  **of your fellow jurors or for the mere purpose of returning a verdict**."  Model Civ. Jury Instr. 9th

3  Cir. 3.5 (2007), emphasis added.  Therefore, the Court does not find there was a compromised

4  verdict and, therefore, the motion is **DENIED**.

5  **V.    Inconsistent verdict**

6          The court may set aside a verdict and order a new trial where the jury's findings are so

7  inconsistent that they cannot be reconciled with each other. White v. Ford Motor Co., 312 F.3d 998,

8  1005 (9th Cir.2002). To make this determination, the court must consider whether, in light of the

9  evidence, the verdict can be read to make sense. Id. Only where the inconsistency cannot be

10  harmonized with the evidence may the court remand for a new trial. Floyd v. Laws, 929 F.2d 1390,

11  1396 (9th Cir.1991) (citing Gallick v. Baltimore & O.R.R. Co., 372 U.S. 108, 110 (1963)).

12          The Court may "dr[aw] inferences from the verdicts to determine the issues that the

13  presumptively rational jurors must have determined, and then use those implicit findings of fact as

14  the basis for judgment as to certain issues." Westinghouse Elec. Corp., v. General Circuit Breaker &

15  Elec. Supply. Inc., 106 F.3d 894, 901 (9th Cir.1997), cert. denied at 522 U.S. 857, 118 S.Ct. 155,

16  139 L.Ed.2d 101 (1997); See also, Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1038 (9th

17  Cir.2003), cert. denied at 541 U.S. 902, 124 S.Ct. 1602, 158 L.Ed.2d 244 (2004) (In deciding

18  whether verdicts are inconsistent, the court must accept "any reasonable interpretation of the jury's

19  actions, reconciling the jury's findings by exegesis if necessary") (internal quotation marks and

20  citation omitted). Where "it is possible to examine the pattern of jury verdicts and logically

21  determine what facts a rational juror must have found in order to reach those verdicts," the Court

22  "must assume the jury found certain facts . . ." Westinghouse, 106 F.3d at 901–902.

23          Here, Plaintiff suggests the events occurred as follows: "the sequence of the injury was baton

24  (Messick), tase (Barthelmes), baton (Messick) and finally tase . . ."  (Doc. 86 at 8)  In this way, he

25  argues Barthelmes should have been found liable for the use of excessive force and that the amount

26  of damages and the failure to award damages for future pain and suffering necessitates a new trial.

27  The Court disagrees.

28          As noted above, the Court concludes the verdict *can* be read such that it squares with the

evidence.  In his analysis, Plaintiff ignores the first act of force was the blow to his face landed by Defendant Messick.  This act was distinct from the other uses of forces in terms of time and location (inside the car as opposed to the rest of the acts that occurred outside the car). In determining there were discrete acts of force used and that the initial blow by Messick before Plaintiff exited the vehicle was the operative act of unreasonable force, the jury verdict explains not only why the jury found Messick liable but also why the damage award failed to address all of Plaintiff's injuries. Under this rationale, an award for future damages would have been inappropriate given there was no evidence that Plaintiff suffered pain or emotional injury for the blow to the face existed for any measurable amount of time after the incident. Thus, because the verdict may be read sensibly, Plaintiff has failed to demonstrate that a new trial is warranted.

Moreover, <u>Guy</u> demonstrates that just because one officer is found to be liable for the use of excessive force does not mean that all involved officers must be. 608 F.3d at 584-585.  Likewise, even a finding that the officer used excessive force does not mean that every use of force he employs is, necessarily, excessive. <u>Id</u>. at 588.  Thus, the Court does not find that the verdict is inconsistent or that a new trial is warranted.

## **ORDER**

Based upon the foregoing, the court **ORDERS:**

1.      Plaintiff's motion for a new trial (Docs. 86, 98) is **DENIED**.


IT IS SO ORDERED.

Dated:   **March 18, 2016**                       **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE